IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PRINCE SAHAALI KENNEDY-BEY, ) <br> *aka* ANTONIO M. KENNEDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOS ANGELES SCHOOL DISTRICT, ) <br> ) <br> Defendant. ) | CASE NO. 1:16 CV 889 <br><br> JUDGE DONALD C. NUGENT <br><br> <u>MEMORANDUM OF OPINION</u> |

*Pro se* Plaintiff Prince Sahaali Kennedy-Bey, aka Antonio M. Kennedy filed the above-captioned action against the Los Angeles Unified School District ("School District"). In the Complaint, Plaintiff alleges the School District did not renew his contract as a provisional teacher in July 2008. He asserts claims for discrimination, negligence, "breach of contract duty of good faith and fair dealing," retaliation, fraud, false representation, deprivation of rights, denial of due process, terrorism, malfeasance, conspiracy, stalking, abuse of power, cruel and unusual punishment, human rights violations, malpractice, psychological torture, humiliation, attempted murder, poisoning enhanced interrogation, purgatory, forced disappearance, mixed war, RICO, and war crimes. He asks this Court to void his termination, and award him $ 1,680,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 4). That Application is granted.

**Factual and Procedural Background**

Plaintiff's complaint is very brief. The exhibits attached to his Complaint indicate he was

employed under contract with the School District as provisional teacher at various points from 2002 until 2008. He does not explain what a provisional teacher is; however, the Los Angeles Unified School District website describes provisional teachers as short term contractual employees with provisional permits to teach under certain conditions and circumstances.[1] Provisional teaching positions are not tenured and time in service under a provisional credential is not included in computing service time required to attain or be eligible for classification as a permanent employee. *California Teachers Ass'n v. Vallejo City Unified Sch. Dist.*, 149 Cal. App. 4th 135, 155 (2007); Cal. Educ. Code § 44911. On March 13, 2008, Plaintiff received a "Notification of Non-Reelection" from the School District Board of Education, informing him, in writing, that they were not going to employ him for the following school year.

In June 2008, despite the notice of non-renewal of his contract, he and his physician completed a health care provider certification form, indicating to the School District that he suffered from severe work related stress, and would require four months of intermittent and reduced work. The form signed by his psychiatrist indicated Plaintiff could return to work in September 2008. The School District sent a second letter to Plaintiff in July 2008 informing him that he had not been recommended by his site administrator for continued employment as a provisional teacher.

Plaintiff alleges the School District conspired with his landlord and neighbor "to monitor, mentally abuse, deprive of sleep, mock, mimic, torture, harass, stalk, spy on, poison, humiliate, violate privacy, human rights and attempt to murder" him "using sophisticated electronic devices that were installed in the building...from December 2007-January 2008." (ECF No. 1 at 3). He states he was afraid to ingest food or liquid because food purchased from Vons Supermarket in

---

[1] *see* http://www.schieve.lausd.net

Inglewood, California and beverages purchased from the Simply Wholesome store in Los Angeles, California sporadically contained. foreign matter that caused him to experience flu-like symptoms, tightening in his chest, and stomach discomfort. He contends these symptoms could only be relieved by consuming Magnesium, opening all windows and doors, and stuffing the ventilation system with plastic and cotton. He also contends he picked a flower on the way home from Von's Supermarket, and it began to shrivel and die at approximately the same time he felt tightness in his chest. He states he sent the flower to the United States Department of Commerce General Counsel to verify the cause of death. Plaintiff fled from California to Ohio on May 7, 2009, but contends the stalking and foreign matter in his food continued.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be

sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

As an initial matter, this Court is not the proper venue for this case. A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the District in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). The Defendant is the Los Angeles California School District, which is located in the Central District of California. All of the events alleged in the Complaint took place in Los Angeles, California. The United States District Court for the Central District of California is the appropriate venue for this case.

An improperly venued action must be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

Plaintiff fails to state a claim upon which relief may be granted. Although he asserts over twenty-five causes of action, he does not allege sufficient facts to demonstrate that the Defendant is plausibly liable to him for any of his claims.

Furthermore, even if he had stated a claim for relief, the applicable statute of limitations for these claims has expired. Plaintiff was notified in March 2008 that he would not be offered a teaching contract for the 2008-2009 school year. He moved out of California in 2009. Plaintiff filed this action on April 14, 2016, seven years after he moved to Ohio. Plaintiff's claims under 42 U.S.C. § 1983 are subject to a two-year statute of limitations. *Wood v. Kern Cty. Child Protective Servs.*, No. 1:14-CV-00472, 2014 WL 1664885, at *4 (E.D. Cal. Apr. 23, 2014). The Supreme Court has imposed a four-year statute of limitations on RICO claims. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Under California law, the statute of limitations for malpractice, negligence, and intentional torts is two years. Cal. Civ. Proc. Code §§ 335, 335.1; *Yun Hee So v. Sook Ja Shin*, 212 Cal. App. 4th 652, 662 (2013). A three-year statute of limitations applies for actions for relief on the ground of fraud or misrepresentation. Cal. Civ. Proc. Code § 338(d). Similarly, the statute of limitations for breach of fiduciary duty is three years where the basis of the claim is fraud; otherwise it is four years under the catchall provision of California's Civil Procedure Code § 343(a).

Title VII cases must be filed within ninety days of receipt of a Right to Sue letter from the EEOC. 1142 U.S.C. § 2000e–5(f)(1);11 *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Plaintiff attaches two Right to Sue letters from the California Department of Fair Employment and Housing ("DFEH"), rather than the EEOC. Those

letters, dated December 3, 2007 and March 27, 2008, indicate that the EEOC referred the case to the DFEH and that the DFEH declined to conduct an investigation. Plaintiff was notified that under California law, he had one year from the date of the letters to file an action. Assuming that these charges were related to the non-renewal of his contract, the statute of limitation expired for these claims in 2009. The statute of limitations for any Title VII claim has also expired.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 4) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2016

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.